1
2

JEAN E. WILLIAMS
Acting Assistant Attorney General

3

DEBRA J. CARFORA
BRANDON N. ADKINS
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

4
5
6
7
8

*Counsel for Defendants*

9
10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

11
12
13

ASBESTOS DISEASE AWARENESS
ORGANIZATION, et al.,

Case No. 3:19-CV-00871-EMC

14
15

                    *Plaintiffs,*
          v.

**STIPULATION AND [PROPOSED]**
**ORDER REGARDING EPA'S**
**MOTION TO ALTER OR AMEND**
**JUDGMENT UNDER RULE 59 OR**
**FOR RELIEF UNDER RULE 60**

16
17
18
19

U.S. ENVIRONMENTAL PROTECTION
AGENCY, et al.,

                    *Defendants.*

20
21
22

STATE OF CALIFORNIA, by and through
Attorney General Rob Bonta, et al.,

23
24

                    *Plaintiffs,*
          v.

Case No. 3:19-CV-03807-EMC

25
26

U.S. ENVIRONMENTAL PROTECTION
AGENCY, et al.,

                    *Defendants.*

27
28

1

Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

1    WHEREAS, on February 19, 2019, Asbestos Disease Awareness Organization, American

2    Public Health Association, Center for Environmental Health, Environmental Working Group,

3    Environmental Health Strategy Center, and Safer Chemicals Healthy Families ("ADAO

4    Plaintiffs") filed an amended complaint in the U.S. District Court for the Northern District of

5    California against Andrew Wheeler, as Acting Administrator of the United States Environmental

6    Protection Agency, and the United States Environmental Protection Agency (collectively,

7    "EPA") for declaratory and injunctive relief captioned *Asbestos Disease Awareness*

8    *Organization v. EPA*, No. 19-CV-00871 ("ADAO Case");

9    WHEREAS, on June 28, 2019, the State of California, by and through then Attorney

10   General Xavier Becerra, the Commonwealth of Massachusetts, by and through Attorney General

11   Maura Healey, and the States of Connecticut, Hawaii, Maine, Maryland, Minnesota, New Jersey,

12   Oregon, Washington, and the District of Columbia ("AGs," together with the ADAO Plaintiffs,

13   "Plaintiffs") filed a complaint in the U.S. District Court for the Northern District of California

14   against EPA for declaratory and injunctive relief captioned *State of California v. EPA*, No. 19-

15   CV-03807 ("AGs' Case");

16   WHEREAS, the above-referenced cases were consolidated per a stipulated order

17   ("Consolidated Cases");

18   WHEREAS, in the Consolidated Cases, the Court construed Plaintiffs' administrative

19   petitions brought under section 21(a) of the Toxic Substances Control Act ("TSCA") as seeking

20   amendments to the Chemical Data Reporting ("CDR") rule to require additional reporting on

21   asbestos and asbestos-containing products;

22   WHEREAS, on December 22, 2020, after full briefing and oral argument, the Court

23   issued an opinion granting summary judgment to Plaintiffs and denying summary judgment to

24   EPA ("Summary Judgment Order");

25   WHEREAS, the Summary Judgement Order directed EPA to "amend its CDR reporting

26   rule pursuant to its authority under 15 U.S.C. § 2607(a)(1)(A) (i.e., under Section 8(a) of TSCA),

27

28
2

Stipulation and [~~Proposed~~] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

1    to address the information-gathering deficiencies identified herein" (Summary Judgment Order

2    35);

3            WHEREAS, on January 5, 2021, the Court entered judgment pursuant to Federal Rule of

4    Civil Procedure 58 in favor of Plaintiffs ("Judgment");

5            WHEREAS, on February 2, 2021, EPA filed a Motion to Alter or Amend Judgment

6    Under Rule 59 or For Relief Under Rule 60 ("EPA's Motion," ADAO Case ECF No. 62; AGs'

7    Case ECF No. 74);

8            WHEREAS, EPA's Motion asked the Court to alter or modify the Judgment or otherwise

9    grant relief consistent with the remedy available under section 706(2) of the Administrative

10   Procedure Act ("APA") by, among other things, vacating a specific instruction that EPA amend

11   the CDR rule;

12           WHEREAS, Plaintiffs opposed EPA's Motion (ADAO Case ECF No. 67; AGs' Case

13   ECF No. 79) on the grounds that the remedy ordered by the Court was authorized under section

14   21(b)(4)(A) of TSCA and section 706(1) of the APA;

15           WHEREAS, the parties to the ADAO Case and the AGs' Case agree that section

16   21(b)(4)(A) of TSCA authorizes the Court to direct EPA "to initiate a rulemaking proceeding as

17   requested in the petition";

18           WHEREAS, the parties to the ADAO Case and the AGs' Case also agree that where a

19   petition under TSCA section 21(a) seeks amendment of an existing rule, denial of the petition is

20   judicially reviewable under section 21(b)(4)(A) subject to the scope and standard of review

21   provided in section 706(2) of the APA;

22           WHEREAS, pursuant to Rule 15(b) of the FRCP, the ADAO Plaintiffs and the AGs have

23   moved for leave to file amended complaints expressly stating such causes of action under TSCA

24   section 21(b)(4)(A) and removing their causes of action under the APA;

25           WHEREAS, EPA does not oppose such motions for leave to file amended complaints; and

26           WHEREAS, the parties have entered into the attached Settlement Agreement under which

27   EPA has agreed to initiate a rulemaking proceeding to require reporting under TSCA section 8(a)

28

Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

1    on asbestos in a manner that addresses the information-gathering deficiencies identified in the

2    Court's Summary Judgment Order;

3         WHEREAS, the parties agree not to appeal or otherwise seek modification of the January

4    5, 2021 Judgment in this case if this Stipulation and Order is approved by the Court.

5         **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among

6    the parties to the ADAO Case and the AGs' Case, that:

7        1.  Plaintiffs' unopposed motions to amend their complaints are granted;

8        2.  The Court's instruction on page 35 of the December 22, 2020 Summary Judgment

9            Order, that EPA "amend its CDR reporting rule pursuant to its authority under 15

10           U.S.C. § 2607(a)(1)(A) (*i.e.*, under Section 8(a) of TSCA), to address the

11           information-gathering deficiencies identified therein" is **VACATED**;

12       3.  The Court's December 22, 2020 Summary Judgment Order is **AMENDED** to read

13           as follows: "The EPA is directed to initiate a rulemaking proceeding to require

14           reporting on asbestos under 15 U.S.C. § 2607(a)(1)(A) (*i.e.*, under Section 8(a) of

15           TSCA) that addresses the information-gathering deficiencies identified herein";

16       4.  The Court **DENIES AS MOOT and DISMISSES WITH PREJUDICE** EPA's

17           Motion to Alter or Amend Judgment Under Rule 59 or For Relief Under Rule 60

18           (ADAO Case ECF No. 62 and AGs' Case ECF No. 74); and

19       5.  The Court retains jurisdiction for purposes of ensuring compliance with its Orders.

20

21                      Respectfully submitted,

22   Dated: June 7, 2021              */s/ Robert M. Sussman (with permission)*

23                      ROBERT M. SUSSMAN
                   Sussman & Associates

24                      3101 Garfield Street, NW
                   Washington, DC 20008

25                      (202) 716-0118
                   bobsussman1@comcast.net

26

27                      *Attorney for ADAO Plaintiffs*

28

1

Dated:  June 7, 2021

FOR THE STATE OF CALIFORNIA
ATTORNEY GENERAL ROB BONTA

2

3

*/s/ Megan K. Hey (with permission)*
MEGAN K. HEY

4

ELIZABETH B. RUMSEY
Deputy Attorneys General

5

300 South Spring Street, Suite 1702
Los Angeles, CA  90013

6

(213) 269-6344

7

*Attorneys for State of California, by and through*
*Attorney General Xavier Becerra*

8

9

*Attorneys for State of California*

10

Dated: June 7, 2021

FOR THE COMMONWEALTH OF
MASSACHUSETTS
ATTORNEY GENERAL MAURA HEALEY

11

12

*/s/ I. Andrew Goldberg (with permission)*
I. ANDREW GOLDBERG

13

Assistant Attorney General
Environmental Protection Division

14

One Ashburton Place, 18th Floor
Boston, MA  02108

15

(617) 963-2429

16

*Attorneys for Commonwealth of Massachusetts*

17

18

19

20

21

22

23

24

25

26

27

28

5

Stipulation and [~~Proposed~~] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

1 | Dated: June 7, 2021

FOR THE STATE OF CONNECTICUT
ATTORNEY GENERAL WILLIAM TONG

2

*/s/ Matthew I. Levine (with permission)*

3 | MATTHEW I. LEVINE
Deputy Associate Attorney General
4 | SCOTT N. KOSCHWITZ
Assistant Attorney General
5 | State of Connecticut
Office of the Attorney General
6 | 165 Capitol Avenue
Hartford, CT 06106
7 | (860) 808-5250
*Attorneys for State of Connecticut, by and*
8 | *through Attorney General William Tong*

9

10

11 | Dated: June 7, 2021

FOR THE STATE OF HAWAII
ATTORNEY GENERAL CLARE E. CONNORS

12

*/s/ Wade H. Hargrove III (with permission)*

13 | WADE H. HARGROVE III
Deputy Attorney General
14 | (*admitted pro hac vice*)
Health and Human Services Division
15 | Department of the Attorney General
16 | 465 South King Street, Room 200
Honolulu, Hawaii 96813
17 | (808) 586-4070
wade.h.hargrove@hawaii.gov
18

19 | *Attorneys for State of Hawaii*

20 | Dated: June 7, 2021

FOR THE STATE OF MAINE
ATTORNEY GENERAL AARON M. FREY

21

22 | */s/ Katherine Tierney (with permission)*

KATHERINE TIERNEY
23 | Assistant Attorney General
(*admitted pro hac vice*)
24 | Office of the Attorney General
6 State House Station
25 | Augusta, ME 04333-0006
(207) 626-8897
26 | katherine.tierney@maine.gov
*Attorneys for State of Maine*
27

28

6

1

Dated: June 7, 2021

FOR THE STATE OF MARYLAND
ATTORNEY GENERAL BRIAN E. FROSH

2

3

*/s/ Steven J. Goldstein (with permission)*

STEVEN J. GOLDSTEIN
Special Assistant Attorney General

4

(*admitted pro hac vice*)
Office of the Attorney General

5

200 Saint Paul Place

6

Baltimore, MD 21202
(410) 576-6414 sgoldstein@oag.state.md.us

7

8

*Attorneys for State of Maryland*

9

Dated: June 7, 2021

FOR THE STATE OF MINNESOTA
ATTORNEY GENERAL KEITH ELLISON

10

11

*/s/ Philip Pulitzer (with permission)*

PHILIP PULITZER

12

Assistant Attorney General

13

(*admitted pro hac vice*)
900 Town Square Tower

14

445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127

15

(651) 757-1244
philip.pulitzer@ag.state.mn.us

16

17

*Attorneys for State of Minnesota*

18

Dated: June 7, 2021

FOR THE STATE OF NEW JERSEY
ATTORNEY GENERAL GURBIR S. GREWAL

19

20

*/s/ Lisa Morelli (with permission)*

21

LISA MORELLI
Deputy Attorney General

22

Division of Law
R.J. Hughes Justice Complex

23

25 Market Street, P.O. Box 093
Trenton, NJ 08625

24

(609) 376-2708
lisa.morelli@law.njoag.gov

25

26

*Attorneys for State of New Jersey*

27

28

Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

| | |
|---|---|
| 1 | |
| 2 | Dated: June 7, 2021 |

FOR THE STATE OF OREGON
ATTORNEY GENERAL ELLEN F. ROSENBLUM

/s/ Paul Garrahan (with permission)
PAUL GARRAHAN
Attorney-in-Charge
(admitted pro hac vice)
STEVE NOVICK
Special Assistant Attorney General
(admitted pro hac vice)
Natural Resources Section
Oregon Department of Justice
1162 Court Street, N.E.
Salem, Oregon  97301-4096
(503) 947-4342
paul.garrahan@doj.state.or.us
steve.novick@doj.state.or.us
Attorneys for State of Oregon

Dated: June 7, 2021

FOR THE STATE OF WASHINGTON
ATTORNEY GENERAL ROBERT W. FERGUSON

/s/ Jonathan C. Thompson (with permission)
JONATHAN C. THOMPSON
Assistant Attorney General
(admitted pro hac vice)
Ecology Division
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6740
jonathan.thompson@atg.wa.gov

Attorney for State of Washington

Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

Dated: June 7, 2021

FOR THE DISTRICT OF COLUMBIA
ATTORNEY GENERAL KARL A. RACINE

*/s/ Robyn R. Bender (with permission)*

ROBYN R. BENDER
Deputy Attorney General
Public Advocacy Division
CATHERINE A. JACKSON
Chief, Public Integrity Section
DAVID S. HOFFMANN
Assistant Attorney General
(*admitted pro hac vice*)
441 Fourth Street N.W., Suite 650 North
Washington, D.C. 20001
(202) 442-9889
david.hoffmann@dc.gov

*Attorneys for the District of Columbia*

Dated: June 7, 2021

FOR DEFENDANTS

JEAN E. WILLIAMS
ACTING ASSISTANT ATTORNEY GENERAL

*/s/ Brandon N. Adkins*

DEBRA J. CARFORA
BRANDON N. ADKINS
United States Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640 (Carfora)
Tel: (202) 616-9174 (Adkins
Email: debra.carfora@usdoj.gov
Email: brandon.adkins@usdoj.gov

*Attorneys for Defendants*

\*        \*        \*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June 7, 2021

Edward M. Chen
United States District Judge

Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under
Rule 59 or For Relief Under Rule 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

1

## CERTIFICATE OF SERVICE

2

      I hereby certify that on this 7th day of June, 2021, a true and correct copy of the foregoing

3

Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under

4

Rule 59 or For Relief Under Rule 60 was filed electronically with the Clerk of the Court using

5

CM/ECF. I also certify that the foregoing document is being served on all counsel of record via

6

transmission of Notices of Electronic Filing generated by CM/ECF.

7

8

                                   */s/ Brandon N. Adkins*

9

                                   Brandon N. Adkins
                                   United States Department of Justice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SETTLEMENT AGREEMENT

WHEREAS, on February 19, 2019, Asbestos Disease Awareness Organization, American Public Health Association, Center for Environmental Health, Environmental Working Group, Environmental Health Strategy Center, and Safer Chemicals Healthy Families ("ADAO Plaintiffs") filed an amended complaint in the U.S. District Court for the Northern District of California against Andrew Wheeler, as Acting Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency (collectively, "EPA") for declaratory and injunctive relief captioned *Asbestos Disease Awareness Organization v. EPA*, No. 19-CV-00871;

WHEREAS, on June 28, 2019, the State of California, by and through then Attorney General Xavier Becerra, the Commonwealth of Massachusetts, by and through Attorney General Maura Healey, and the States of Connecticut, Hawaii, Maine, Maryland, Minnesota, New Jersey, Oregon, Washington, and the District of Columbia (together with the ADAO Plaintiffs, "Plaintiffs") filed a complaint in the U.S. District Court for the Northern District of California against EPA for declaratory and injunctive relief captioned *State of California v. EPA*, No. 19-CV-03807;

WHEREAS, the above-referenced cases were consolidated per a stipulated order ("Consolidated Cases");

WHEREAS, in the Consolidated Cases, Plaintiffs sought judicial review of EPA's decisions to deny Plaintiffs' administrative petitions brought under section 21(a) of the Toxic Substances Control Act ("TSCA") seeking amendments to the Chemical Data Reporting ("CDR") rule requiring reporting on asbestos and asbestos-containing products;

WHEREAS, on December 22, 2020, after full briefing and oral argument, the Court issued an opinion granting summary judgment to Plaintiffs and denying summary judgment to EPA ("Summary Judgment Order");

WHEREAS, the Order directed EPA to "amend its CDR reporting rule pursuant to its authority under 15 U.S.C. § 2607(a)(1)(A) (i.e., under Section 8(a) of TSCA), to address the information-gathering deficiencies identified herein" (Order 35);

WHEREAS, on January 5, 2021, the Court entered judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Plaintiffs ("Judgment");

WHEREAS, on January 28, 2021, Plaintiffs wrote to counsel for EPA to request that EPA commit to a schedule by which it would propose and finalize a rulemaking to amend the CDR rule;

WHEREAS, on February 2, 2021, EPA filed a Motion to Alter or Amend Judgment Under Rule 59 or For Relief Under Rule 60 ("EPA's Motion," ADAO Case ECF No. 62; AGs' Case ECF No. 74);

WHEREAS, EPA's Motion asked the Court to alter or modify the Judgment or otherwise grant relief consistent with the remedy available under section 706(2) of the Administrative Procedure Act (APA) by, among other things, deleting a specific instruction to amend the CDR rule;

WHEREAS, Plaintiffs opposed EPA's Motion (ADAO Case ECF No. 67; AGs' Case ECF No. 79) on the grounds that the remedy ordered by the Court was authorized under section 21(b)(4)(A) of TSCA and section 706(1) of the APA;

WHEREAS, the parties wish to resolve by settlement all outstanding issues in this case, including compliance with the Court's Summary Judgment Order and the issues raised in EPA's Motion;

WHEREAS, the parties, by entering into this Settlement Agreement, do not waive or limit any claim or defense, on any grounds, related to any final EPA action;

NOW, THEREFORE, it is agreed:

1.      Within 3 days of signing this Settlement Agreement, the parties will file the attached Stipulation and [Proposed] Order Regarding EPA's Motion to Alter or Amend Judgment Under Rule 59 or For Relief Under Rule 60 ("Proposed Stipulation") in the Consolidated Cases.

2.      Concurrently, Plaintiffs will move under Rule 15(b) of the Federal Rules of Civil Procedure for leave to file amended complaints in accordance with the Proposed Stipulation.

3.      Defendants agree not to oppose Plaintiffs' motion for leave to file amended complaints.

4.      This Settlement Agreement is conditioned on the Court approving and signing the Proposed Stipulation without modification and granting the motion for leave to file amended complaints. If the Court does not approve and sign the Proposed Stipulation without modification and grant the motion for leave to file amended complaints within thirty days of filing, the parties

agree that this Settlement Agreement is null and void. Nothing contained in this Settlement Agreement or the settlement discussions that led to this Settlement Agreement will be offered or used in any litigation involving the parties.

5.      Pursuant to section 8(a) of TSCA, EPA shall sign for publication in the Federal Register:

a.      No later than nine months from the effective date of this agreement, a notice of EPA's proposed action to promulgate a rule pursuant to TSCA section 8(a), 15 U.S.C. § 2607(a), for the maintenance of records and submission to EPA of reports by manufacturers, importers and processors of asbestos and mixtures and articles containing asbestos (including as an impurity) that address the information-gathering deficiencies identified in the Court's Summary Judgment Order; and

b.      No later than eighteen months from the effective date of agreement, a notice of EPA's final action regarding the proposed TSCA section 8(a) rule.

6.      Within 15 business days after taking each action required in Paragraph 5, EPA shall send notice of such action to the Office of the Federal Register for review and publication.

7.      If EPA determines that it cannot meet the deadlines in Paragraph 5 or anticipates any delay to the times specified therein, EPA shall notify Plaintiffs in writing, including the cause for delay, a description of its progress in carrying out the rulemaking proceeding, and the length of time the agency anticipates for the delay.

8.      The parties may agree to extend any deadlines contained in this Settlement Agreement by mutual written consent.

9.      If EPA fails to take action as set forth in Paragraph 5, Plaintiffs' sole remedy under this Settlement Agreement shall be to move for compliance with the Summary Judgment Order, as modified by the Proposed Stipulation, in the Consolidated Cases. EPA does not waive or limit any defense relating to litigating its compliance or lack of compliance with the Summary Judgment Order except that it will not challenge the Court's Summary Judgment Order as modified by the Proposed Stipulation. The parties agree that contempt of court is not an available remedy under this Settlement Agreement.

10.     Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded EPA by TSCA, the Administrative Procedure Act, or by general principles of administrative law, including the discretion to alter, amend or revise any responses and/or

actions contemplated by this Settlement Agreement. EPA's obligation to take the actions set forth in Paragraph 5 by the times specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

11.     Any obligations of the United States to expend funds under this Settlement Agreement are subject to the availability of appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. § 1341. This Settlement Agreement shall not be construed to require the United States to obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

12.     The effective date of this Settlement Agreement will be the date on which it has been executed by counsel for all Plaintiffs and EPA. The Settlement Agreement may be executed in multiple original counterparts, each of which shall be deemed to constitute one Settlement Agreement. The execution of one counterpart by any of the Plaintiffs or EPA shall have the same force and effect as if that party had signed the other counterpart.

13.     The undersigned representatives of the parties certify that they are fully authorized by the party they represent to enter into and execute the terms and conditions of this Settlement Agreement.

**SO AGREED**:

FOR THE ADAO PLAINTIFFS:

Dated: June 7, 2021

*Robert M. Sussman*

ROBERT M. SUSSMAN
Sussman & Associates
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

FOR THE STATE OF CALIFORNIA:

Dated: June 7, 2021

*Megan K. Hey*

MEGAN K. HEY
ELIZABETH B. RUMSEY
Deputy Attorneys General
State of California
Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 269-6344
Megan.Hey@doj.ca.gov

FOR THE COMMONWEALTH OF MASSACHUSETTS:

Dated: June 7, 2021

*I. Andrew Goldberg*

I. ANDREW GOLDBERG
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA  02108
(617) 963-2429
andy.goldberg@mass.gov

FOR THE STATE OF CONNECTICUT:

Dated: June 7, 2021

*Matthew I. Levine*

MATTHEW I. LEVINE
Deputy Associate Attorney General
SCOTT N. KOSCHWITZ
Assistant Attorney General
State of Connecticut
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
matthew.levine@ct.gov

FOR THE STATE OF HAWAII:

Dated: June 7, 2021                    *Wade H. Hargrove III*

WADE H. HARGROVE III
Deputy Attorney General
(*admitted pro hac vice*)
Health and Human Services Division
Department of the Attorney General
465 South King Street, Room 200
Honolulu, Hawaii 96813
(808) 586-4070
wade.h.hargrove@hawaii.gov

FOR THE STATE OF MAINE:

Dated: June 7, 2021

*Katherine Tierney*

KATHERINE TIERNEY
Assistant Attorney General
(*admitted pro hac vice*)
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8897
katherine.tierney@maine.gov

FOR THE STATE OF MARYLAND:

Dated: June 7, 2021

*Steven J. Goldstein*

STEVEN J. GOLDSTEIN
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

FOR THE STATE OF MINNESOTA:


Dated: June 7, 2021                 *Philip Pulitzer*

PHILIP PULITZER
Assistant Attorney General
Office of the Attorney General
900 Town Square Tower
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
(651) 757-1244
philip.pulitzer@ag.state.mn.us

FOR THE STATE OF NEW JERSEY:

Dated: June 7, 2021

*Lisa Morelli*

LISA MORELLI
Deputy Attorney General
Division of Law
Office of the Attorney General
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, NJ 08625
(609) 376-2708
lisa.morelli@law.njoag.gov

FOR THE STATE OF OREGON:

Dated: June 7, 2021

*Paul Garrahan*

PAUL GARRAHAN
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street, N.E.
Salem, Oregon  97301-4096
(503) 947-4342
paul.garrahan@doj.state.or.us
steve.novick@doj.state.or.us

FOR THE STATE OF WASHINGTON:

Dated: June 7, 2021

_Jonathan C. Thompson_

JONATHAN C. THOMPSON
Assistant Attorney General
Ecology Division
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6740
jonathan.thompson@atg.wa.gov

FOR THE DISTRICT OF COLUMBIA:

Dated: June 7, 2021

*Robyn R. Bender*

ROBYN R. BENDER
Deputy Attorney General
Public Advocacy Division
CATHERINE A. JACKSON
Chief, Public Integrity Section
DAVID S. HOFFMANN
Assistant Attorney General
Office of the Attorney General
441 Fourth Street N.W., Suite 650 North
Washington, D.C. 20001
(202) 442-9889
david.hoffmann@dc.gov

FOR EPA:

Dated: June 7, 2021

DEBRA J. CARFORA
BRANDON N. ADKINS
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174
Email: debra.carfora@usdoj.gov